NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| | : | Hon. Dennis M. Cavanaugh |
| QUEST DIAGNOSTICS, INC., | : | |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civil Action No. 07-0748 (DMC) |
| v. | : | |
| | : | |
| BRIAN KIESCHE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court upon request by Quest Diagnostics, Inc.("Plaintiff") that this Court enter a revised order reflecting its interpretation of the rulings this Court made on March 8, 2007, when the parties gave oral argument at a hearing on Plaintiff's application for a temporary restraining order, preliminary injunction and expedited discovery. This application was decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Plaintiff's application to revise the Order of March 8, 2007, is **denied**.

BACKGROUND

On March 8, 2007, the parties appeared before this Court for oral argument in Plaintiff's emergent application for a temporary restraining order, preliminary injunction and expedited discovery. Following the oral argument, this Court instructed Plaintiff to submit a form of order memorializing this Court's rulings made on that day.

In reviewing the form of Order submitted by Plaintiff, this Court found that the terms

differed from those which were decided at the oral argument.  Most glaring was that Plaintiff's

form of Order explicitly stated that the application for a preliminary injunction remained open,

despite this Court having denied Plaintiff's application in no uncertain terms.

Although not instructed to do so by this Court, Defendant also submitted a proposed form

of order which accurately reflected the Court's rulings at the conclusion of the March 8, 2007

hearing.  This Court gave effect to the form of Order submitted by Defendant.  Plaintiff's

application to revise that Order followed.

**DISCUSSION**

Plaintiff argues that this Court's Order should reflect the ruling that Defendant shall not

solicit or service clients he called on during the course of his employment at Quest Diagnostics.

Plaintiff refers to the transcript of the March 8, 2007 oral argument to suggest that this Court

ordered Defendant to refrain from soliciting or servicing clients of his at Quest.  However, in

examining the transcript, it is not accurate for Plaintiffs to state that this Court granted any such

relief.  Rather, it is clear that the Defendant stipulated to refraining from such behavior during the

initial and general colloquy.  In contrast to Plaintiff's assertion, this Court unequivocally ruled

that the case warranted no preliminary relief from this Court:

> As you know, to obtain this preliminary relief, you need a
> reasonable probability of ultimate success on the merits, that you'll
> suffer irreparable harm if the relief isn't granted, that the hardships
> weigh in your favor, and, quite frankly, I just don't find that that's
> the case here, I really don't.

See transcript of March 8, 2007 oral argument at p. 21:14-19.

No new evidence has been submitted to this Court sufficient to change this Court's ruling

that it would not issue a preliminary injunction.  This Court found that Defendant was not

2

soliciting or servicing his former clients before it denied the injunctive relief requested.

Defendant's representation that he would not solicit or service his former clients on the record at

oral argument was merely an acknowledgment of the non-solicitation agreement by which he had

already been abiding.  Any instruction to Defendant by this Court with regard to the non-

solicitation agreement was a warning not to engage in behavior that would violate the agreement.

This Court, Defendant argues, did not issue any injunctive relief because it found there was no

basis for such.

Plaintiff also argues that the Order should be changed to instruct Defendant to return any

of Plaintiff's documents that he may locate in the future.  Once again, this Court "accept[ed] the

representation's of Defendant" and "order[ed] that in the event those documents come up again

or are found . . . that they should be destroyed and/or returned to you, that they should not be

divulged to anyone at his new employer, and that's it.  I think that's all we have to do."

Transcript at pp. 21:22 to 22:10.

Plaintiff now asks that the Order be revised to direct Defendant to "return any Quest

Diagnostics' documents."  This relief is injunctive in nature.  Again, this Court did not see fit to

grant any such relief at the hearing.  Without new evidence and without an allegation that

Defendant has any new information belonging to Plaintiff, this request must be denied.

Additionally, Quest seeks to amend the Order such that depositions in this case

commence two weeks after Quest has "served its discovery responses."  If the Order is so

modified, based upon the present timing of discovery, and the fact that Defendant has already

responded to Plaintiff's demands, Defendant will be forced to take depositions prior to the

resolution of objections that he may have to Plaintiff's discovery responses while it is likely that

Plaintiff's objections to Defendant's responses will already have been resolved.  The Order, as it presently stands with respect to depositions, treats the parties equally and fairly.

Finally, Plaintiff's arguments related to the scope of discovery and that it should not be limited at this time to what is contained in the Order, is also rejected.  The provision at issue merely indicates that "at this time", no further discovery is permitted.  It does not bar further discovery, but merely requires that any further discovery await entry of a discovery plan in the case.  That entry will occur at the Rule 16 conference before Magistrate Judge Falk.

Plaintiff also seeks to have some wording changed in this Court's Order.  The Order states "[t]he relief sought by plaintiff in its Emergent Application be and is hereby denied in its entirety."  See Paragraph 1 of Order entered on March 21, 2007.  Plaintiff argues that by instructing Defendant to abide by the terms of his non-solicitation agreement and by instructing Defendant to return or destroy any of Plaintiff's documents that may be found in the future, this Court did not deny the emergent application in its entirety.  This Court will stand by its Order as it is currently worded.

Plaintiff had the opportunity to submit an Order on behalf of both parties memorializing this Court's rulings of March 8, 2007.  In doing so, Plaintiff distorted the spirit and letter of this Court's rulings.  In reviewing the transcript of that hearing, this Court is satisfied that the Order as it currently directs the parties to move forward shall stand.  Plaintiff's request for revisions to that Order is **denied**.

An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Dated:  April __26__ , 2007
Orig:        Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File